# WILLIAM J. LEMP

### v.

## BELLEVILLE GLASS COMPANY, FOR USE, ETC.

*Sales—Balance Due—Recovery of—Conflict of Evidence—Verdict Conclusive, When—Instructions.* ·

The evidence having been conflicting, and there being enough to support the verdict, the judgment, in the absence of any error of law on the part of the court below, is affirmed.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a suit at law brought originally in the Circuit Court of St. Clair County by the Belleville Glass Company, suing for the use of the Belleville Savings Bank, against William J. Lemp, for a balance of $506.15, due on account for bottles furnished by the glass company to Mr. Lemp. There was no dispute about the amount remaining due so far as bottles furnished are concerned. The controversy is about a counter-claim for damages set up by appellant, which exceeds the amount remaining due on the account. Lemp claimed that in the fall of 1885 he made a contract with the Belleville Glass Company, by which he bound himself to buy from the glass company at all events 4,000 gross of bottles at a price agreed upon, with the privilege of taking 6,000 or 8,000 gross at the same price, and that the glass company agreed to furnish the bottles, he being authorized to retain three per cent of the contract price to secure the performance of the contract by the glass company. That the money in his hands is made up of this three per cent. That he elected to take 6,000 gross and gave notice to that effect. That the glass company, after furnishing 4,700 gross, suspended business, and did not furnish the remaining 1,300 gross. That he

was compelled to buy these elsewhere and to pay an advanced price amounting on the 1,300 gross to more than the $506.15, and that hence he owes nothing under the contract. The appellee, on the other hand, claimed that there was no contract to furnish more than 4,000 gross, and that hence the appellant has no claim for damages for breach of the contract. The jury rendered a verdict in favor of the plaintiff for $506.15, on which judgment was rendered.

The court refused the following instruction asked by appellant: "The court instructs the jury that it is not necessary to demand an impossibility or something that can not be done. And if the jury believe from the evidence that after the Belleville Glass Company ceased doing business it was impossible for it to furnish the remaining 1,300 gross of bottles claimed by the defendant, and that a demand for the same would have been unavailing, then the defendant, Lemp, was not bound to make such demand in order to save his rights in the premises."

Mr. W. C. KUEFFNER, for appellant.

Messrs. TURNER & HOLDER, for appellee.

GREEN, J. This suit in assumpsit was brought by appellee to recover from appellant $506.15, balance due on account for bottles sold and delivered. For this sum the jury found a verdict for plaintiff, the court entered a judgment on the verdict, and the defendant took this appeal. It is insisted, on behalf of appellant, the verdict was contrary to the evidence. The question of fact upon which the case hinged was, did the Belleville Glass Co. agree to furnish the defendant 6,000 gross of bottles? The evidence was conflicting, and it was the province of the jury to determine the disputed fact after a full consideration of all the evidence. This they did, and there was proof sufficient to support the finding. In this state of case we decline to disturb the verdict. The only other error insisted upon is the refusal of the court to give the jury defendant's second instruction. This instruction, if it had

been given as requested, was calculated to mislead the jury, and the court did not err in refusing to give it. We perceive no sufficient reason for reversal, and therefore affirm the judgment of the Circuit Court.

*Judgment affirmed.*